IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOUGLAS W. EASTER                                                                                PLAINTIFF

vs.                                      Civil No. 1:12-cv-01045

CAROLYN W. COLVIN                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Douglas Easter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for DIB on April 8, 2010. (Tr. 13, 94-97). Plaintiff alleged he was disabled due to high blood pressure, diabetes, enlarged heart, knee injury, nerve damage, and neck and back problems. (Tr. 112). Plaintiff alleged an onset date of March 31, 2010. (Tr. 13). This application was denied initially and again upon reconsideration. (Tr. 42-44, 47-48). Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

was granted. (Tr. 52).

Plaintiff's administrative hearing was held on December 1, 2010. (Tr. 24-39). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 26-27).

On March 7, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 13-19). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2014. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2010. (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the severe impairment of cervical spondylosis, status post fusion, chondromalacia patella of the right knee, and mild degenerative joint disease of the right knee. (Tr. 15, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform less than the full range of light work. (Tr. 13-14, Finding 4). The ALJ found Plaintiff retained the ability to lift and carry twenty pounds occasionally and ten frequently; sit, stand or walk for six hours out of an eight-hour workday; and occasionally climb. *Id.* Plaintiff was also restricted from workplace dangers due to the effects medications, and must avoid unprotected heights, scaffolds, nip points, and exposure to heavy industrial vibrations. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff unable to perform his PRW as a distributor operator, mechanic helper, truck driver, gas sation attendant, and builder. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 201.14 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 18). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 7, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 25, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8, Pg. 11-19.  Specifically, Plaintiff claims the ALJ erred (1) in failing to find Plaintiff met a Listing, (2) in the weight given to the opinions of Plaintiff's treating physicians, (3) in the credibility determination of Plaintiff, and (4) in failing to question a VE.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.  Because this Court finds the ALJ erred in the weight given to the opinions of Plaintiff's treating physicians and the credibility determination of Plaintiff, this Court will only address these issues.

### A. Treating Physician

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

5

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform less than the full range of light work. (Tr. 13-14, Finding 4). The ALJ found Plaintiff retained the ability to lift and carry twenty pounds occasionally and ten frequently; sit, stand or walk for six hours out of an eight-hour workday; and occasionally climb. *Id.* Plaintiff was also restricted from workplace dangers due to the effects medications, and must avoid unprotected heights, scaffolds, nip points, and exposure to heavy industrial vibrations. *Id.* Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Freddie Contreras and Dr. Thomas Fox. ECF No. 8, Pgs. 2-5. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 9, Pgs, 12-14.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and

SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Based on the medical record evidence, Plaintiff was first seen by Dr. Thomas Fox as early as August 7, 2009. (Tr. 224). Dr. Fox treated Plaintiff for, among other things, hypertension, diabetes, right knee pain, left shoulder pain, neck pain, and arm numbness. (Tr. 183-224). Based on the medical record evidence, Plaintiff was being treated by Dr. Fox as late as March 19, 2010. (Tr. 183).

On April 22, 2010, Plaintiff was seen by Dr. Freddie Contreras. (Tr. 418). Plaintiff saw Dr. Contreras following a CT Scan on his neck. *Id.* Dr. Contreras recommended neck surgery. *Id.* On May 19, 2010, Plaintiff underwent a four level cervical diskectomy. (Tr. 424). Plaintiff returned several times for follow up appointments with Dr. Contreras through August 17, 2010. (Tr. 457-458).

Of significance to Plaintiff are Dr. Contreras' findings of October 12, 2010, (Tr. 450) and an RFC Evaluation prepared by Dr. Fox on August 11, 2011. (Tr. 512-515). Plaintiff argued the ALJ "ignored and discredited this evidence." ECF No. 8, Pg. 4.

On October 12, 2010, Dr. Contreras indicated in correspondence that Plaintiff had undergone major spine reconstruction which was still not healed. (Tr. 450). He indicated Plaintiff would have permanent restrictions of: (1) no lifting over 20 pounds, (2) no prolonged sitting or standing, (3) no bending, crawling, or kneeling, (4) no work overhead. *Id.* These findings clearly conflict with the

7

ALJ's RFC determination.

On August 11, 2011, Dr. Fox prepared a Physical RFC Evaluation on Plaintiff. (Tr. 512-515). Dr. Fox indicated Plaintiff was limited in standing and walking to less than two hours per day. (Tr. 512). Dr. Fox also found Plaintiff could not stoop, crouch, crawl, climb, balance, kneel or reach above shoulder level. (Tr. 514). Finally, Dr. Fox found Plaintiff's complaints of pain to be severe. (Tr. 515). These findings by Dr. Fox are in conflict with the ALJ's RFC determination.

In his opinion, the ALJ states Dr. Contreras' opinions were given "considerable weight" yet he also states he "cannot agree with any sitting restrictions" because of a lack of medical basis and states there is "no basis for restricting the ability for kneeling and bending." (Tr. 17-18). There was no further discussion or detail given by the ALJ regarding Dr. Contreras' opinions or the basis for discounting them. The RFC evaluation of Dr. Fox was received by the Appeals Council on April 12, 2012 and made part of the record. (Tr. 5). However, the Appeals Council determined this evidence did not provide a basis to change the ALJ's decision and they provided no discussion or analysis of this evidence. *Id.*

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting the findings of Dr. Contreras. *See Brown,* 611 F.3d at 951-52. Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not

8

disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician Dr. Contreras.  Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Fox and Dr. Contreras.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

### B. Credibility Analysis

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from 20 C.F.R. § 404.152 had been considered (Tr. 16), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.[3] In his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 17).

The ALJ's failure to actually consider the *Polaski* factors, failure to provide any inconsistencies between Plaintiff's subjective complaints and the record, and his reliance on

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

Plaintiff's medical records alone was in error. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE